IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 15-cr-3762- ) |
| MOHAMMAD MANASRA, | ) ) |
| Defendant. | ) ) |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Mohammad Manasra, and the Defendant's counsel, Irma Rivas:

### REPRESENTATION BY COUNSEL

1.  The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.  The Defendant further understands the Defendant's rights:

    a.  to plead not guilty, or having already so pleaded, to persist in that plea;

    b.  to have a trial by jury; and

    c.  at a trial:

        1)  to confront and cross-examine adverse witnesses,

        2)  to be protected from compelled self-incrimination,

        3)  to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to the Information, charging a violation of 18 U.S.C. § 1159, that being a violation of the Indian Arts and Crafts Act.

## SENTENCING

4. The Defendant understands that the maximum penalty provided by law for this offense is:

   a. imprisonment for a period of not more than 1 year (If the Defendant does not serve a term of imprisonment, the Defendant could be sentenced to a term of probation of not more than 5 years.);

   b. a fine not to exceed the greater of $25,000 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c. a term of supervised release of not more than one year to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $25.00; and

   e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties are aware that the Court will decide whether to accept or reject this plea

2

agreement. The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## ELEMENTS OF THE OFFENSE

8. If this matter proceeded to trial, the Defendant understands that the United States would be required to prove, beyond a reasonable doubt, the following elements for a violation of the charge listed below:

<u>18 U.S.C. § 1159:</u>

| | | |
|---|---|---|
| *First*: | the defendant displayed, offered for sale, or sold any good; |
| *Second*: | the defendant did so in a manner that suggested that the good was Indian produced, an Indian product, or the product of a particular Indian or Indian tribe; |
| *Third*: | the claimed Indian is a member of an Indian tribe or a certified artist thereof, or the claimed Indian tribe is federally or state recognized; |
| *Fourth*: | the good was not Indian produced, an Indian product, or the product of a particular Indian or Indian tribe; and |
| *Fifth*: | the defendant acted with knowledge that the good was not Indian produced, an Indian product, or the product of a particular Indian or Indian tribe. |

# DEFENDANT'S ADMISSION OF FACTS

9. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

10. On October 19, 2014, I operated a booth to sell Native American-style jewelry at the Albuquerque Flea Market located near the intersection of Louisiana Blvd. and Central Ave., Albuquerque, New Mexico. I knew that many of the pieces of Native American-style jewelry I displayed for sale were not made by Indians but rather made by laborers in the Philippines. While there, I sold some of the Native American-style jewelry made in the Philippines to a person I later learned was an undercover agent working for the United States Fish and Wildlife Service (the "UC"). I offered, displayed and sold some of that counterfeit jewelry to the UC in a manner that falsely suggested it was an Indian product, or the product of a particular Indian tribe, resident in the United States. In exchange for $500 U.S. currency, I sold the UC one (1) kokopelli pendant and earring set, two (2) rings, one (1) bracelet and (1) orange cluster pendant and earring set. The jewelry I sold to the UC was Native-American in style, but I knew it was actually made in the Philippines and not by Indians. Nonethelesss, I intentionally told the UC that the kokopelli set was "Zuni," and that the rings, bracelet and cluster set were "Navajo." The manner of display, offer and sale, all falsely suggested that all of the Phillipine-made, Native

American-style jewelry was made by members of federally recognized Indian tribes. I understand that both the Zuni and Navajo tribes are federally recognized Indian tribes and are resident within the United States.

11. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant is pleading guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

12. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

    a. As of the date of this agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to USSG § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to USSG § 3E1.1(b). Further, the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as

5

required, and/or failing to obey any conditions of release that the Court may set.

b. The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

13. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

14. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under USSG § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

15. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

16. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## RESTITUTION

17. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A. The Defendant understands that any payment schedule the Court may impose is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The United States Probation Office, or, after the Defendant completes any term of supervised release the Court imposes, the United States Attorney's Office for the District of New Mexico, may revise the monthly payment amount depending on the Defendant's financial circumstances. No later than July 1st of each year after sentencing, until restitution is paid in full, the Defendant shall provide the Asset Recovery Unit, United States Attorney's Office, P.O. Box 607, Albuquerque, NM 87103, (1) a completed and

signed financial statement provided to the Defendant by the United States Attorney's Office and/or the United States Probation Office, and (2) a copy of the Defendant's most recent tax returns.

## **FORFEITURE**

18. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

19. The Defendant agrees to the imposition of a money judgment against the Defendant in the amount of $500, representing a portion of the net profit the Defendant derived from the commission of Count 4 as charged in the Superseding Indictment, this amount being due at the time of the Defendant's sentencing.

20. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following asset and property, 5,268 pieces of Native-American style jewelry, as alleged in the Superseding Indictment.

21. The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

22. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

23. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

24. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

25. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the

9

Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## **GOVERNMENT'S ADDITIONAL AGREEMENT**

26. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. Following sentencing, the United States will move to dismiss the Superseding Indictment, as to the Defendant only.

   b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present information.

   c. The United States will also return a 2011 White Chevrolet Express G1500 Cargo Van, New Mexico license plate, NHR850, VIN 1GCSGAFX0B1140402, along with the non-jewelry, non-evidentiary items inside the van;

27. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

28. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

29. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

30. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $25 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

31. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is

effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 5th day of October, 2017.

JAMES D. TIERNEY
Acting United States Attorney

_____
Kristopher N. Houghton and
Sean P. Sullivan
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. In addition, I have explained to my client the elements to each

offense to which she/he is pleading guilty. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Irma Rivas
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
Mohammad Manasra
Defendant