IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                    Case No. 1:15 CR 3762 SCY-3

MOHAMMAD MANASRA,

    Defendant.

**Reply**
**SENTENCING MEMORANDUM**
**ON BEHALF OF MOHAMMAD MANASRA**

    Defendant, Mohammad Manasra, by and through his court appointed counsel, Irma Rivas, Assistant Federal Public Defender, files this reply in support of Mr. Manasra's sentencing memorandum as follows:

    Mr. Manasra is not a wealthy man. Any assistance he provided to Sterling Island and to Nael Ali was minimal and he had no influence or say so in how these businesses ran. Mr. Manasra did, for a small commission and, for the convenience of Nael Ali, purchase jewelry from Sterling Island, in Gallup, New Mexico, and did deliver this jewelry to Nael Ali, in Albuquerque, New Mexico. The commission was the only interest in that sale. Mr. Manasra never fooled Mr. Ali. The jewelry was delivered to Mr. Ali as packaged by Sterling Island, this included the "Made in Philippines" stickers.

    Mr. Manasra has no stores. Mr. Manasra also purchased jewelry for himself and sold it out of his van at the Albuquerque Flea Market. By contrast, Nael Ali had stores in such places as Old Town Albuquerque from which Mr. Manasra received no profit, where he had no interest.

    Similarly, Mr. Manasra had nothing to do with Sterling Island's business. Mr. Manasra

did not have any say in the jewelry they sold.  Mr. Manasra purchased from them, whatever they had available for sale.  Sterling Island sold the jewelry to Mr. Manasra with "Made in Philippines" stickers.  Mr. Manasra left the stickers on the jewelry when he sold them.  The Kokopeli that the undercover agent purchased from Mr. Manasra had a sticker reading, "Made in Philippines."  Mr. Manasra was not hiding this sticker as he could have easily removed the sticker, but chose not to.

## CONCLUSION

In conclusion, Mr. Manasra again requests that the court allow credit time served for the days he spent in custody and that any supervision ordered be allowed to be served unsupervised.  Mr. Manasra, other than this case, has never had any interactions with law enforcement and will not have any after this case is closed.

| | |
|---|---|
| I HEREBY CERTIFY THAT on the 8th Day of May 2018 I filed the foregoing electronically through the CM/ECF system, which caused AUSA Kristopher Houghton to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489<br><br> /s/  *filed electronically*          .<br>IRMA RIVAS, AFPD<br>Attorney for Defendant |
| _____*filed electronically*_____ | |